# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 22-MC-21296 SCOLA/GOODMAN

KATHLEEN WHITE MURPHY,

     Plaintiff,

v.

ELIZABETH K. RICHERT,

     Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

**THIS CAUSE** is before the Undersigned on Plaintiff's Motion for Judicial Notice. [ECF No. 24]. This motion requests the Court take judicial notice of facts which Plaintiff believes are relevant to her attempts to have Defendant, Elizabeth K. Richert, complete Florida Rule of Civil Procedure Form 1.977 (the "fact information sheet) pursuant to Federal Rule of Civil Procedure 69, which is the subject of a pending motion for contempt [ECF No. 16] that is scheduled for an August 21, 2022 evidentiary hearing before the Undersigned [ECF No. 18].

Federal Rule of Evidence 201 requires the court to "take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Facts which may be judicially noticed are those that are "generally known within the trial court's territorial jurisdiction" and those that "can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned." Fed.

R. Evid. 201(b)(1)-(2).

Plaintiff asks this court to take judicial notice of facts from two sources: (1) facts

contained in a pleading filed in a case before the Seventh Circuit Court of Appeals; and

(2) facts contained in Defendant's Florida Bar membership profile.  The facts from those

two sources for which the Plaintiff seeks judicial notice are Defendant's mailing address

and email address.

Both the source of the facts and the facts themselves qualify for judicial notice

under Federal Rule of Evidence 201(b)(2). The Eleventh Circuit has repeatedly approved

judicially noticing documents filed in other legal proceedings. *Griffin v. Verizon Commc'ns*

*Inc.*, 746 F. App'x 873, 876 (11th Cir. 2018) ("Courts typically take judicial notice of record

documents from other judicial proceedings."); *see also Lozman v. City of Riviera Beach*, 713

F.3d 1066, 1075 n.9 (11th Cir. 2013); *Cash Inn of Dade, Inc. v. Metropolitan Dade Cty.*, 938

F.2d 1239, 1243 (11th Cir. 1991). Likewise, the Florida Bar is an appropriate source whose

accuracy cannot reasonably be questioned. *See Morrison v. Quality Transportation Servs.,*

*Inc.*, No. 05-61757-CIV, 2007 WL 9700856, at *4 (S.D. Fla. July 5, 2007), report and

recommendation adopted sub nom. *Morrison v. Quality Transports Servs., Inc.*, No. 05-

61757-CIV, 2007 WL 9700991 (S.D. Fla. July 24, 2007) ("This information is available at the

Florida Bar website, http://www.flabar.org, after inputting the names of attorneys

Blackwell and Martinez into the "Find a Lawyer" form. The Court may take judicial

notice of the admission dates for attorneys Blackwell (October 28, 1983) and Martinez (September 28, 2005)." (citing Fed. R. Evid. 201)).

The facts -- an email address and a mailing address -- can also be readily determined from the sources. The filing from the Seventh Circuit Court of Appeals case is a "Request for Oral Argument," filed by Defendant, in which she includes her email address and mailing address beneath her signature. [ECF No. 24-2]. Further, Defendant's Florida Bar membership profile lists Defendant's "Mail Address" and "Email." *See* Elizabeth K. Richert, Member Profile, THE FLORIDA BAR, available at https://www.floridabar.org/directories/find-mbr/profile/?num=946140 (last visited Aug. 26, 2022).

Accordingly, Plaintiff's motion is **granted,** and the Court takes judicial notice of Defendant's mailing address and email address, as listed beneath her signature in a legal filing and as listed on her Florida Bar membership profile.

**DONE and ORDERED** in Chambers, in Miami, Florida, August 26, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record